Egan Jr., J.
(concurring in part and dissenting in part). Although I agree that evidence of the State’s wrongdoing, if any, is properly admissible at the trial of plaintiffs’ negligence action in Supreme Court, I disagree with the majority as to defendant’s entitlement to an apportionment charge.
This case illustrates an archaic aspect of our state court system and is fodder for those who advocate for a single, Supreme Court level trial court. Here, plaintiffs claim that two negligent parties are responsible for their injuries. But, because one of those parties is the State, plaintiffs are forced to sue one alleged wrongdoer, i.e, defendant, in Supreme Court and the other alleged wrongdoer, i.e., the State, in the Court of Claims. It is bad enough that plaintiffs will have to try their case twice, but defendant also is placed at a disadvantage by virtue of (presumably) wishing to point the finger of blame at a party who is not — and cannot — be present in the courtroom. Viewed in this context, defendant’s request for an apportionment charge was not unreasonable, but nonetheless posed a dilemma for Supreme Court.
*101 Our adversarial, trial-by-jury system is based upon a full airing of the underlying facts and is best served by affording each litigant — represented by able counsel — an opportunity to present a spirited presentation or defense of its case. My fear here is that if we permit the requested charge and ask a jury (in the context of the Supreme Court action) to apportion fault (if any) between defendant, which will be present in the courtroom and which no doubt will present a vigorous defense, and the State, which, as the “constitutionally mandated empty chair” in the courtroom, can neither appear nor offer any defense, an unfair — or, at the very least, skewed — result will occur.* Against this backdrop, it is my sense that Supreme Court fashioned a reasonable solution to a difficult problem and, as such, I respectfully dissent as to the apportionment charge issue and would affirm Supreme Court’s order in its entirety.
Lynch and Devine, JJ., concur with McCarthy, J.P.; Egan Jr., J. concurs in part and dissents in part in a separate opinion.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant’s motion for a jury charge on apportionment; motion granted; and, as so modified, affirmed.

 Of course, any apportionment of fault against the State in the context of the Supreme Court action is of no moment, as such finding is not binding upon the Court of Claims, which at some point will hear and independently determine plaintiffs’ claim against the State.